IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| BRIAN VANCE, ) | |
| ) | |
| Movant, ) | |
| ) | |
| v. ) | No. 3:14-cv-01877 |
| ) | Crim. No. 3:11-cr-0012-3 |
| UNITED STATES OF AMERICA, ) | |
| ) | Judge Sharp |
| Respondent. ) | |

**MEMORANDUM OPINION**

Movant Brian Vance, proceeding *pro se*, filed a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct the sentence imposed against him by this Court on or around September 17, 2014. The Court entered an initial order on October 1, 2014 directing the respondent to respond to the motion within 60 days of the date the order was docketed. (ECF No. 3.) Assistant United States Attorney Lynne Ingram entered a notice of appearance on behalf of the United States on October 3, 2014.

On December 8, 2014, when the deadline for doing so had already passed but the United States had not filed a response in opposition to the motion, the Court entered an order directing the respondent to file a responsive pleading within 14 days of the date of that order, or the Court would presume that the respondent did not oppose the motion. More than 30 days have now passed since entry of that order, and the United States still has not filed a responsive pleading. The Court therefore presumes that the United States does not oppose Vance's motion and has now waived its opportunity to do so.

In his motion, Vance states a number of claims of ineffective assistance of counsel, including that counsel was constitutionally ineffective because he failed to file a notice of appeal, in derogation of Vance's specific request that he do so. (ECF No. 1, at 4 ("Ground One").) Vance's motion is signed under penalty of perjury and therefore has the same effect as a sworn affidavit. 28 U.S.C. § 1746; *see United States v. Davis*, 28 F. App'x 502, 503 (6th Cir. 2002) ("Declarations made under penalty of perjury may be

submitted in lieu of affidavits in federal court."). In the absence of countervailing evidence from the United States, the Court accepts the allegation as true.

The Sixth Circuit has held unequivocally, and repeatedly, that "the failure to perfect a direct appeal, in derogation of a defendant's actual request, is a *per se* violation of the Sixth Amendment." *See, e.g.*, *Ludwig v. United States*, 162 F.3d 456, 459 (6th Cir. 1998). Because the failure to comply with a defendant's direct request to file a notice of appeal is a *per se* violation of the Sixth Amendment, prejudice is presumed. *See id.* ("[A]pplication of the *Strickland* prejudice component is inappropriate because it means that the defendant never receives the benefit of a lawyer's services in constructing potential appellate arguments. Prejudice must be presumed." (internal quotation marks and citation omitted)). This is so even if the movant entered a plea agreement waiving his appellate rights. *See Carrion v. United States*, 107 F. App'x 545, 547 (6th Cir. 2004) (finding that the district court had erred in finding that the movant's appeal waiver precluded him from pursuing an appeal because the "likelihood of success on appeal is not a factor in determining whether he received ineffective assistance of counsel," and therefore remanding under *Ludwig* for a hearing on the question of whether the movant had asked his attorney to file a notice of appeal). The Supreme Court is in accord: "[A] lawyer who disregards specific instructions from the defendant to file a notice of appeal acts in a manner that is professionally unreasonable." *Roe v. Flores–Ortega*, 528 U.S. 470, 477 (2000) (citing *Rodriquez v. United States*, 395 U.S. 327 (1969)).

The Court will therefore grant the motion for relief as to Count One of the § 2255 motion, for the limited purpose of reinstating the movant's opportunity to pursue a direct appeal, and will appoint counsel for the purpose of filing a delayed notice of appeal and to assist the movant in pursuing whatever substantive grounds for appeal may be available to him. The other grounds for relief in the habeas motion are rendered moot, as the movant will have the opportunity to pursue other post-conviction claims if his conviction is affirmed on direct appeal.

An appropriate order is filed herewith.

*Kevin H. Sharp*
_____
KEVIN H. SHARP
Chief Judge
United States District Court